01

02

03

04

05                             UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
06                                       AT SEATTLE

07   ARLENE A.Z. NESBIT,                          )
                                                  )    CASE NO. C13-0830-MJP-MAT
08           Plaintiff,                           )
                                                  )
09           v.                                   )    REPORT AND RECOMMENDATION
                                                  )    RE: SOCIAL SECURITY DISABILITY
10   CAROLYN W. COLVIN, Acting                    )    APPEAL
     Commissioner of Social Security,             )
11                                                )
             Defendant.                           )
12   _____          )

13           Plaintiff Arlene A.Z. Nesbit proceeds through counsel in her appeal of a final decision

14   of the Commissioner of the Social Security Administration (Commissioner).    The

15   Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and

16   Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge

17   (ALJ).    Having considered the ALJ's decision, the administrative record (AR), and all

18   memoranda, the Court recommends this matter be REMANDED for further proceedings.

19                           **FACTS AND PROCEDURAL HISTORY**

20           Plaintiff was born on XXXX, 1972.[1]   She completed high school and attended some

21

22           1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
     Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT & RECOMMENDATION
PAGE -1

01   community college and technical college classes.   (AR 48-49.)   Plaintiff previously worked as

02   a receptionist, dispatcher, waitress, and human resources assistant.   (AR 32, 49-52, 187.)

03         Plaintiff filed an application for DIB on January 28, 2010 and protectively filed an

04   application for SSI on December 21, 2009, alleging in both applications disability since June

05   15, 2007.   (AR 159-66.)   Her applications were denied initially and on reconsideration, and

06   she timely requested a hearing.   ALJ Mattie Harvin-Woode held a hearing on October 19,

07   2011, taking testimony from plaintiff and a vocational expert.   (AR 41-86.)   On January 26,

08   2012, the ALJ rendered a decision finding plaintiff not disabled.   (AR 21-34.)

09         Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review

10   on March 7, 2013 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

11   Plaintiff appealed this final decision of the Commissioner to this Court.

12                          **JURISDICTION**

13         The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

14                          **DISCUSSION**

15         The Commissioner follows a five-step sequential evaluation process for determining

16   whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

17   must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

18   not engaged in substantial gainful activity since the alleged onset date.   At step two, it must be

19   determined whether a claimant suffers from a severe impairment.   The ALJ found the

20   following impairments severe: major depressive disorder, generalized anxiety disorder,

21   borderline personality disorder, thoracic and lumbar degenerative disc disease, osteoarthritis

22   ───────────────────────────────────────────────

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT & RECOMMENDATION
PAGE -2

status post bilateral knee arthroscopy, asthma, IBS, GERD, obesity, and chronic pain syndrome.   Step three asks whether a claimant's impairments meet or equal a listed impairment.   The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.   The ALJ found the following RFC: she can lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk two hours and sit at least six hours in an eight-hour day; she can perform all postural activities frequently, but climb only occasionally; she must avoid concentrated exposure to extreme cold temperatures, pulmonary irritants, and workplace hazards; she can perform simple and some complex tasks, as long as no more than occasional contact with the public and superficial contact with coworkers is required.   With that RFC, and with the assistance of a vocational expert, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.   With consideration of the Medical-Vocational Guidelines and the testimony of the vocational expert, the ALJ alternatively found jobs existed in significant numbers in the national economy plaintiff could perform, such as circuit board screener, table worker, and office clerk.   The ALJ, therefore, concluded plaintiff was not under a disability at any time from the alleged onset date through the date of the decision.

REPORT & RECOMMENDATION
PAGE -3

01      This Court's review of the final decision is limited to whether the decision is in

02  accordance with the law and the findings supported by substantial evidence in the record as a

03  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

04  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

05  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

06  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

07  supports the final decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

08  F.3d 947, 954 (9th Cir. 2002).

09      Plaintiff argues the ALJ failed to fully and fairly develop the record, failed to properly

10  evaluate the medical evidence or her testimony, and improperly determined her RFC and the

11  conclusion at step five.   She requests remand for payment of benefits or, in the alternative, for

12  further proceedings.   The Commissioner maintains the ALJ's decision has the support of

13  substantial evidence and should be affirmed.

14                          <u>Developing the Record</u>

15      Plaintiff notes that, while she filed a prior application for disability benefits that was

16  initially denied on March 13, 2009 (AR 185), that application and any associated documents are

17  missing from the record.   She further notes that, while she is currently alleging disability since

18  June 15, 2007, the Social Security Administration apparently failed to request any medical

19  records prior to October 2008.   (*See* AR 576.)   Plaintiff points to the ALJ's statement that "the

20  medical evidence of record does not begin prior to 2008."   (AR 28.)

21      "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's

22  duty to investigate the facts and develop the arguments both for and against granting benefits."

REPORT & RECOMMENDATION
PAGE -4

01    *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (cited source omitted).   Also, the Commissioner may

02    reopen a determination in a DIB or SSI case within twelve months of the date of the initial

03    determination for any reason.   20 C.F.R. §§ 404.988, 416.1488.   Plaintiff argues the ALJ here

04    failed to fulfill her duty to develop the record by including the prior disability file and obtaining

05    all of her medical records from 2007 and 2008.

06          The Commissioner denies that the duty to develop the record extends to "culling

07    evidence from other final determinations made by the Agency[,]" and maintains the possibility

08    of reopening a prior application "is immaterial without persuasive evidence that plaintiff sought

09    to do so."   (Dkt. 21 at 5.)   The Commissioner notes that plaintiff bears the burden of proving

10    disability, *Valentine v. Comm'r SSA*, 574 F.3d 685, 689 (9th Cir. 2009), and must provide

11    medical evidence about her impairments and their severity, 20 C.F.R. §§ 404.1512(c),

12    416.912(c).   She maintains it is "significant" that plaintiff was not found disabled under her

13    previous claim, and that "the medical records could hardly be material[.]" (Dkt. 21 at 5.)

14          The Court finds the Commissioner's response to this issue unsatisfactory.   Plaintiff

15    filed her current applications for SSI and DIB in December 2009 and January 2010

16    respectively.   The fact that she filed a new claim for disability benefits within a year of the

17    prior, March 13, 2009 denial of benefits (AR 185) appears to support an implicit request to

18    reopen.   *See* SSA Program Operations Manual System (POMS) DI 27501.005 ("How

19    Reopening Issues May Arise":   "A party to the determination or decision requests (including

20    implied requests) reopening by . . . filing a new claim (e.g., a denied claimant files a subsequent

21    claim and alleges an onset of disability in the period adjudicated by the prior denial

22    determination or decision).")   *See also Warre v. Commissioner of the Soc. Sec. Admin.*, 439

REPORT & RECOMMENDATION
PAGE -5

01  F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive

02  authority.")

03       Also, given that she considered plaintiff's allegation of disability as of June 15, 2007,

04  the ALJ appears to have considered the time period relevant to the prior application.  (*See* AR

05  200 (plaintiff stopped working as of June 5, 2007, when she was fired for reasons other than her

06  medical conditions); *accord* AR 49-50, 173, 187.))  *See also Lewis v. Apfel*, 236 F.3d 503, 510

07  (9th Cir. 2001) ("When an ALJ de facto reopens [a] prior adjudication . . . , the Commissioner's

08  decision as to the prior period is subject to judicial review."; treating the ALJ's actions as a de

09  facto reopening of an earlier application and assuming the onset date accepted by the ALJ,

10  where the ALJ knew of denial of earlier application, but considered evidence of disability from

11  the time period relevant to that application and accepted without comment an onset date within

12  that time period).  Yet, the ALJ's decision does not acknowledge the existence of the prior

13  application and appears to reflect the ALJ's belief as to an absence of any medical records dated

14  prior to 2008.  (AR 28.)  The Commissioner, while placing the burden of providing relevant

15  medical records entirely on plaintiff, does not address the question of whether the Social

16  Security Administration already has in its possession records associated with plaintiff's prior

17  application, but not included in the current record.  Further, given the absence of any such

18  explanation or records, it remains unclear whether, in fact, the prior denial of benefits could

19  reasonably be deemed significant and any omitted medical records non-material.

20       The Court, in sum, finds insufficient information provided by the Commissioner in

21  relation to this issue.  The Court concludes that the ALJ should, on remand, address the issue

22  of plaintiff's prior application and the existence of any additional medical records associated

01 with the time period under consideration in this matter.

02                              <u>Medical Evidence</u>

03       "The ALJ must consider all medical opinion evidence."  *Tommasetti v. Astrue*, 533

04 F.3d 1035, 1041 (9th Cir. 2008).  *See also* 20 C.F.R. §§ 404.1457(c), 416.927(c) ("Regardless

05 of its source, we will evaluate every medical opinion we receive.")  In general, more weight

06 should be given to the opinion of a treating physician than to a non-treating physician, and more

07 weight to the opinion of an examining physician than to a non-examining physician.  *Lester v.*

08 *Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Uncontradicted opinions may be rejected only for

09 "'clear and convincing'" reasons, and contradicted opinions may not be rejected without

10 "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

11 *Id*. at 830-31 (quoted sources omitted).  Less weight may be assigned to the opinions of "other

12 sources[,]" *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996), such as physical therapists, but

13 the ALJ's decision should reflect consideration of such opinions, Social Security Ruling (SSR)

14 06-3p, and may discount the evidence by providing reasons germane to each source.  *Molina v.*

15 *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cited sources omitted).  *See also* SSR 06-03p

16 (ALJ should explain weight given to other source opinions or otherwise ensure that discussion

17 of the evidence allows for following the ALJ's reasoning "when such opinions may have an

18 effect on the outcome of the case.")

19       The ALJ need not discuss each piece of evidence in the record.  *Vincent v. Heckler*, 739

20 F.2d 1393, 1394-95 (9th Cir. 1984).  Instead, "she must explain why 'significant probative

21 evidence has been rejected.'" *Id*. (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

22       In this case, plaintiff accurately identifies omissions in the ALJ's assessment of the

01   medical record.   Not all of those omissions reflect error.   For example, the ALJ sufficiently

02   addressed an August 2009 evaluation by Dr. Cynthia Greer (AR 25, 498-500), and was not

03   required to discuss records from other physicians containing nothing more than diagnoses or

04   reports of symptoms.   *See Coleman v. Colvin*, No. 12-35207, 2013 U.S. App. LEXIS 7874 at

05   *3 (9th Cir. Apr. 19, 2013) ("mere diagnoses" did not meet standard of significant probative

06   evidence requiring reasons for rejection).   Nor does plaintiff establish reversible error in the

07   ALJ's failure to describe each treatment record from Dr. Mark Wentworth, where the ALJ

08   sufficiently addressed evidence of findings of tenderness on examination as a general matter

09   and Dr. Wentworth's treatment of plaintiff in particular.   (AR 28-29.)

10          However, the Court does find other omissions problematic.  For  example,  the  ALJ

11   failed to discuss a May 2009 evaluation by examining physician Dr. Alysa Ruddell (AR

12   345-49), or to explain why the opinions contained in that evaluation were rejected.   Dr.

13   Ruddell assessed plaintiff as severely impaired in her ability to learn new tasks and markedly

14   impaired in her ability to exercise judgment and in several social categories.   (AR 347-48.)

15   The ALJ did refer to and discuss reports of "DSHS providers" and cited to an exhibit containing

16   the  report  from  Dr. Ruddell.   (AR 25 (citing exhibit 4F).)   However,  the  exhibit  cited

17   contained evaluations from three different physicians and the ALJ went on to provide reasoning

18   associated with only two of those physicians – Dr. Shawn Kenderdine and Dr. Robert Warwick.

19   (AR 26, 32.)

20          The Court finds unpersuasive the Commissioner's contention that the failure to address

21   the evidence from Dr. Ruddell was harmless because her findings were merely "cumulative"

22   and the ALJ did discuss and declined to adopt opinions "containing much of the same findings

REPORT & RECOMMENDATION
PAGE -8

01  as Dr. Ruddell's."  (Dkt. 21 at 10.)   Instead, the Court finds the ALJ's failure to provide any

02  reasoning in relation to the opinions of Dr. Ruddell to constitute reversible error.  *Hill v.*

03  *Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012) (error not harmless where ALJ failed to provide

04  opinion of physician "*any* degree of review at all, and gave no reasons for doing so") (emphasis

05  in original).  *Cf. Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (while

06  failing to discuss medical record, ALJ did discuss report on which record was based).

07      Further review of the ALJ's decision reveals other shortcomings in the discussion of

08  the medical evidence.  The ALJ, for example, failed to mention an October 2010 physical

09  therapy status report from Susan McKenna, DPT COMT, assessing plaintiff as, *inter alia*,

10  unable to stand for longer than ten minutes.  (AR 948.)   As with the evidence from Dr.

11  Ruddell, the Court declines to find this omission harmless based solely on the fact that the ALJ

12  rejected a similar limitation assessed by treating physician Dr. Warwick.  *See Hill*, 968 F.3d at

13  1159-60.  Nor does it appear that the ALJ considered a June 2011 intake update form from

14  Valley Cities Counseling containing a Global Assessment of Functioning (GAF) score of 45.

15  (*See* AR 25, 878-81.)   Also, while describing a May 2008 evaluation by examining physician

16  Dr. Kenderdine in detail, the ALJ failed to directly acknowledge the second evaluation

17  completed by Dr. Kenderdine in October 2009, instead referring generally to that and other

18  reports by reference to "DSHS providers," as discussed above.   (AR 25, 309-23, 328-36.)

19      Finally, while the Court finds no clear error established in the ALJ's consideration of

20  other medical opinion evidence, it concludes that the above-described omissions potentially

21  implicate the ALJ's consideration of that evidence.   The Court further observes that the ALJ's

22  decision is somewhat difficult to follow as a general matter.   An ALJ may reject physicians'

REPORT & RECOMMENDATION
PAGE -9

01  opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical

02  evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157

03  F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).   The ALJ should,

04  therefore, take the opportunity on remand to clearly address and weigh all medical opinion

05  evidence of record, including evidence from Dr. Ruddell, McKenna, Valley Cities Counseling,

06  Dr. William R. Wilkinson, Dr. Warwick, Dr. Wentworth, and Dr. Kyong H. Kim, as well as

07  evidence submitted to the Appeals Council after the ALJ's decision.

08                                             Credibility

09        Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

10  reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

11  (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  *See also Vertigan v. Halter*,

12  260 F.3d 1044, 1049 (9th Cir. 2001).   "General findings are insufficient; rather, the ALJ must

13  identify what testimony is not credible and what evidence undermines the claimant's

14  complaints." *Lester*, 81 F.3d at 834.  "In weighing a claimant's credibility, the ALJ may

15  consider his reputation for truthfulness, inconsistencies either in his testimony or between his

16  testimony and his conduct, his daily activities, his work record, and testimony from physicians

17  and third parties concerning the nature, severity, and effect of the symptoms of which he

18  complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

19        Plaintiff argues the ALJ failed to provide legally sufficient reasons for finding her less

20  than fully credible.   However, a review of the ALJ's decision reveals the provision of several

21  clear and convincing reasons for finding plaintiff less than fully credible.

22        The ALJ properly considered and reasonably construed evidence of plaintiff's

REPORT & RECOMMENDATION
PAGE -10

01   drug-seeking behavior.  (AR 31; *see also* AR 29.)  *See Edlund v. Massanari*, 253 F.3d 1152,

02   1157 (9th Cir. 2001), *amended opinion* at 2001 U.S. App. LEXIS 17960 (Aug. 9, 2001) (ALJ

03   properly considered evidence of exaggeration of pain to receive pain medication in credibility

04   assessment).  *Accord Massey v. Comm'r SSA*, No. 10-35004, 2010 U.S. App. LEXIS 21508 at

05   * 2 (9th Cir. Oct. 19, 2010) (ALJ's interpretation of record that claimant engaged in

06   drug-seeking behavior is a clear and convincing reason for disregarding his testimony).  She

07   properly and reasonably considered evidence of "significant pain behaviors, as well as a

08   predominantly exaggerated presentation as demonstrated by positive Waddell signs and

09   virtually no objective findings."  (AR 31.)  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148

10   (9th Cir. 2001) (ALJ appropriately considers a tendency to exaggerate); *Thomas*, 278 F.3d at

11   959 (claimants "efforts to impede accurate testing of her limitations supports the ALJ's

12   determinations as to her lack of credibility.")  The ALJ also reasonably considered evidence of

13   inconsistency in plaintiff's reporting and in relation to her behavior and activities of daily

14   living.  (AR 31-32.)  *See Tonapetyan*, 242 F.3d at 1148 (inconsistencies or contradictions

15   appropriately considered); *Thomas*, 278 F.3d at 958-59 (same); and SSR 96-7p ("One strong

16   indication of the credibility of an individual's statements is their consistency, both internally

17   and with other information in the case record.")

18       The ALJ also, elsewhere in the decision, considered evidence of normal or minimal

19   objective findings.  (*See* AR 28-32.)  As the Commissioner observes, "[w]hile subjective pain

20   testimony cannot be rejected on the sole ground that it is not fully corroborated by objective

21   medical evidence, the medical evidence is still a relevant factor in determining the severity of

22   the claimant's pain and its disabling effects."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

01  Cir. 2001); SSR 96-7p.   This reasoning could, therefore, also constitute a clear and convincing

02  reason for finding plaintiff less than fully credible.

03       The Court, on the other hand, finds unclear the ALJ's statement that the "transient

04  nature" of plaintiff's "pains" suggested inconsistency in reporting.   (AR 32.)   The Court

05  further concludes that errors in the assessment of the medical evidence, and the possibility of an

06  incomplete record, could implicate the ALJ's assessment of plaintiff's credibility.   The ALJ

07  should, therefore, reconsider plaintiff's credibility as necessary on remand.   The ALJ should

08  clearly identify all of the reasons offered in support of the credibility assessment and provide

09  detailed explanations for her decision.

10                                  RFC and Step Five

11       Plaintiff avers improper determination of her RFC based on the failure to include

12  limitations assessed by Drs. Ruddell, Kenderdine, Wilkinson, and Warwick, and Ms.

13  McKenna, as well as the limitations she described in her testimony.   She also avers error at step

14  five given the failure to include these limitations in the hypothetical proffered to the vocational

15  expert.   Given that the Court does find further consideration of the medical evidence and

16  plaintiff's testimony warranted, the ALJ should also consider plaintiff's claims at steps four and

17  five as necessary on remand.

18                                     Remand

19       The Court has discretion to remand for further proceedings or to award benefits.   See

20  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).   The Court may direct an award of

21  benefits where "the record has been fully developed and further administrative proceedings

22  would serve no useful purpose."   *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

REPORT & RECOMMENDATION
PAGE -12

01   2002).

02          Such a circumstance arises when: (1) the ALJ has failed to provide legally
             sufficient reasons for rejecting the claimant's evidence; (2) there are no
03           outstanding issues that must be resolved before a determination of disability can
             be made; and (3) it is clear from the record that the ALJ would be required to
04           find the claimant disabled if he considered the claimant's evidence.

05   *Id.* at 1076-77.

06          The Court, in this case, finds an insufficient basis for plaintiff's requested remand for an

07   award of benefits.   Instead, the Court concludes that there appear to be outstanding issues that

08   must be resolved prior to a determination of disability and that it is not clear from the record the

09   ALJ would be required to find plaintiff disabled if she considered the evidence.   This case

10   should, therefore, be remanded for further proceedings.

11                                          CONCLUSION

12          For the reasons set forth above, this matter should be REMANDED for further

13   administrative proceedings.

14          DATED this 6th day of December, 2013.

15

16                                                      _____
                                                        Mary Alice Theiler
17                                                      Chief United States Magistrate Judge

18

19

20

21

22

REPORT & RECOMMENDATION
PAGE -13